Filed 2/5/24  P. v. Ellebracht  CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>SEAN ALLEN ELLEBRACHT,<br><br>        Defendant and Appellant. | F085677<br><br>(Super. Ct. No. VCF174036) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>SEAN ALLEN ELLEBRACHT,<br><br>        Defendant and Appellant. | F085678<br><br>(Super. Ct. No. VCF210024)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

---

*        Before Hill, P. J., Meehan, J. and Snauffer, J.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans, Jessica C. Leal and Robert Gezi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

The trial court recalled defendant's sentence and resentenced him in accordance with the recommendation of the Secretary of the Department of Corrections and Rehabilitation (the Secretary). Defendant appeals from the resentencing and claims the trial court abused its discretion in striking only one of three prior serious felony conviction enhancements under the amendments to Penal Code section 1385[1] made by Senate Bill No. 81 (2021−2022 Reg. Sess.) (Senate Bill 81) because the court (1) failed to consider or refer to any of the relevant factors in section 1385, subdivision (c), and (2) considered the terms of the original plea agreement in recalling his sentencing and resentencing him. Defendant also argues that the trial court erred in failing to recalculate his actual custody credits. The People respond that defendant's claims regarding the trial court's decision to strike only one prior serious felony conviction enhancement are forfeited and the trial court did not abuse its discretion in resentencing defendant but agree that the trial court should have recalculated defendant's actual custody credits. In response to our request for supplemental briefing, both parties also agreed that the trial court erred in staying the prior serious felony conviction enhancement because it could only strike or dismiss it.

We will remand for the trial court to calculate defendant's actual custody credits, and to correct the abstract of judgment and minutes to reflect that punishment for

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

2.

one prior serious felony conviction enhancement was stricken, but otherwise affirm the judgment.

## PROCEDURAL BACKGROUND[2]

The District Attorney of Tulare County filed an information on May 18, 2007, charging defendant with nine counts of second degree robbery (§ 211; counts 1–9; case No. VCF174036) and, on September 17, 2008, filed a complaint[3] charging defendant with a single count of second degree robbery (case No. VCF210024). Both charging documents also alleged that defendant had three prior serious felony convictions (§ 667, subd. (a)) that were also "strike" convictions [within the meaning of the "Three Strikes" law] (§§ 667, subds. (a), (b)–(i), 1170.12, subds. (a)–(d)).

On October 6, 2008, defendant pleaded no contest to all 10 counts of second degree robbery and admitted the allegations as to his prior serious felony convictions[4] pursuant to an agreement whereby the prosecutor would dismiss two of the strike convictions for purposes of the Three Strikes law and recommend a 43-year prison sentence.[5]

The trial court sentenced defendant to 10 years in prison (twice the upper term of five years per §§ 213, subd. (a)(2), 667, subd. (e) & 1170.12, subd.(c)(1)), plus an additional five years for each prior serious felony conviction (§ 667, subd. (a)),[6] for a

---

[2]    The facts underlying the specific charges alleged are not relevant to the issues raised in this appeal, and therefore, will not be presented in detail here.

[3]    Defendant stipulated that the complaint be deemed an information.

[4]    Defendant admitted to prior serious felony convictions imposed in 1995 and 1997.

[5]    The trial court explained to defendant that his sentence, if convicted as charged, would be 25 years to life on each count in each case and three consecutive five-year prior serious felony conviction enhancements in the first case and one such enhancement in the second case. Because defendant was charged with multiple robberies on different occasions, the trial court would be required to sentence each count consecutively. (§ 667, subds. (c)(6) & (e).)

[6]    The five-year prior serious felony conviction enhancement in case No. VCF210024 was dismissed as part of the plea agreement.

total term of 25 years as to count 1 (case No. VCF174036). As to the remaining counts in case No. VCF174036 and the single count in case No. VCF210024, the trial court sentenced defendant to consecutive two-year terms (a total of 18 years calculated as one-third of double the mid-term per §§ 213, subd. (a)(2), 667, subds. (a), (b)–(i), 1170.12, subds. (a)–(d), 1170.1, subd. (b)), for a total term of 43 years in prison. Additionally, the court ordered defendant to pay victim restitution (§ 1202.4, subd. (f)), a $10,000 restitution fine (§ 1202.4; case No. VCF174036), a suspended $10,000 parole revocation restitution fine (§ 1202.45; case No. VCF174036), a $400 restitution fine (§ 1202.4; case No. VCF210024), a suspended $400 parole revocation restitution fine (§ 1202.45; case No. VCF210024), and $200 in court operation assessments (§ 1465.8).

The Secretary submitted a recommendation to the trial court on June 20, 2022, to recall and resentence defendant "based upon a change in sentencing law" pursuant to former section 1170.03, subdivision (a)(1) (Stats. 2021, ch. 719, §§ 1–7).[7] The Secretary's letter further explained that, effective January 1, 2019, sections 667, subdivision (a)(1) and 1385 had been amended to permit the trial court to exercise its discretion to strike the enhancement or its punishment. The Secretary, based upon this newfound sentencing authority, as well as a review of defendant's commitment offense and in-prison custody, recommended that the court recall defendant's sentence and resentence him in accordance with former section 1170.03, subdivision (a)(1) (Stats. 2021, ch. 719, §§ 1–7).

The trial court held a hearing on July 28, 2022, and referred the matter to the probation department for an abbreviated report. According to the probation report, defendant had been placed on juvenile probation for burglary in 1991 and violated that probation approximately three times through 1994. In July 1994, defendant was

---

[7]    Effective June 30, 2022, former section 1170.03 was renumbered section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 9.)

sentenced to probation for grand theft but, after violating probation, was sentenced to a term of eight months in prison in March 1995. Defendant was sentenced to two years in prison in April 1995 after conviction of first degree burglary. After violating parole in 1996, defendant was returned to prison. In January 1997, defendant was arrested for grand theft and thereafter sentenced to nine years in prison. While on parole, defendant was convicted of possession of a controlled substance in November 2005, sentenced to probation and returned to prison. In November 2008, defendant was arrested for the instant offenses that were committed between September 23, 2006, and November 13, 2006.

The probation report noted the following factors in aggravation: (1) the manner of the crime indicated planning, sophistication, and professionalism; (2) defendant engaged in violent conduct indicating he was a serious danger to society; (3) defendant's prior convictions as an adult were numerous; (4) defendant served a prior prison term; (5) defendant committed the crimes while on parole; and (6) defendant's performance while on probation or parole was unsatisfactory.

The probation report also noted that defendant had completed 80 hours of substance disorder treatment, received exceptional marks while working as a cook in 2020, and received satisfactory marks for his work as companion dog trainer and fabric worker between 2014 and 2019. However, defendant received violation reports for participating in a riot in 2009, delaying a peace officer during cell extraction in 2009, failing to comply with count procedures in 2012, stealing food in 2013, "Counseling Chronos" for disrespect without the potential for violence in 2018, absence from work assignments in 2020, and disobeying an order and being out of bounds in 2022.

The probation report recommended that the trial court not strike any of the prior serious felony conviction enhancements because the court had shortened defendant's sentence by striking two prior serious felony convictions which prevented defendant from receiving a longer Three Strike sentence. In addition, while defendant's custodial

behavior reflected some rehabilitation, defendant had also violated prison rules and received counseling as recently as 2022. Therefore, the probation report concluded that defendant's behavior in prison did not outweigh defendant having committed multiple serious and violent offenses while on parole.

The trial court conducted a hearing on the Secretary's motion on December 22, 2022. The trial court stated: "This matter is on for issues regarding resentencing pursuant to a letter or documents provided to the [c]ourt by the Department of Corrections asking .… [¶] … [¶] the [c]ourt to resentence [defendant] .… [¶] My understanding, I want to get to what I can do, my discretion applies basically, to my understanding, only on the [section] 3667[, subdivison ](a)(1)s, which is five years each of the terms whether or not the [c]ourt can choose to stay those. That's my understanding of my discretion at this point. So if I'm wrong on that, just let me know, but that's my understanding of what I have to do in considering the issues of resentencing."

In response to the court's statement, the prosecutor explained that if the court resentenced defendant, the court was not bound by the Secretary's recommendation and should "consider sentencing in a manner as if the inmate had not been sentenced previously. So it's a new sentencing hearing in that situation. [¶] [A]nd it is based on the current state of the law, under the current state of the law the [c]ourt is allowed to strike [section ]667[, subdivision] (a), you know, the five-year nickels. Under the current state of the law, that's within the discretion of the [c]ourt, and the [c]ourt has the ability to exercise that discretion."

Defense counsel responded, "Your Honor, I agree with that .…" Counsel argued that defendant's prison records showed that defendant performed increasingly better while in custody, was assigned to the lowest security level, and "[f]rankly he's doing everything that is available to him and that he should be doing while he's incarcerated. So I would ask the [c]ourt to strike all three of the [section] 667[, subdivision ](a)s." Counsel did not request any other changes to defendant's sentence.

The prosecutor recounted incidents from defendant's prison records for the court and noted defendant's recent refusals to participate in appointments or programs and history of disrespect to prison authorities. The prosecutor also reviewed defendant's criminal history that commenced when defendant was a juvenile, and continued when he was sent to prison for burglary, violated parole, sent to prison for nine years for theft, violated parole and two years later committed the instant offenses. Based upon this history, the prosecutor argued that defendant would continue to prey on society if released from prison and that a sentence reduction would not be in the interest of public safety.

Defense counsel responded and argued that defendant was categorized as a low security risk, had been availing himself of opportunities available to improve himself, and received positive work reviews.

The court noted that the Secretary, after reviewing defendant's record, recommended that the court use its discretion even though defendant's prison performance was not perfect. In addition, the court stated that it had already used defendant's prior serious felony conviction in determining the punishment for the base term but also noted that defendant was sentenced to a term agreed-upon by all parties in exchange for defendant's plea. The court then announced, "All right. Based on all the factors and arguments of counsel, my intent is to stay one of the five-year enhancements."

The trial court then sentenced defendant to the upper term of 10 years as to count 1 and two consecutive five-year terms based upon his prior serious felony convictions. The court sentenced defendant to consecutive two-year terms in prison for each of the eight remaining counts in case No. VCF174036 and the single count in case No. VCF210024, for a total term of 38 years in prison. The trial court also ordered defendant to pay a $1,000 restitution fine (§ 1202.4) and a suspended $1,000 parole revocation restitution fine (§ 1202.45) in case No. VCF174036, a $300 restitution fine

7.

(§ 1202.4) and a suspended $300 parole revocation restitution fine (§ 1202.45) in case No. VCF210024, and, as to both cases, victim restitution (§ 1202.2, subd. (f)), $360 in court operations assessments (§ 1465.8), and $270 in criminal conviction assessments (Gov. Code, § 30373).

## DISCUSSION

### I. The trial court did not abuse its discretion in refusing to strike two of three prior serious felony conviction enhancements (§ 667, subd. (a)) pursuant to section 1385.

Defendant argues that even though section 1385, subdivision (c)(3)(B), applied at the sentencing, the record reflects that the trial court did not understand the scope of its discretion under this law. Specifically, defendant argues that the trial court failed to consider or cite any of the section 1385, subdivision (c) factors. Defendant argues that the trial court failed to exercise its discretion and misunderstood the law and, therefore, abused its discretion in failing to strike or dismiss the enhancements. Because the trial court did not mention section 1385 and neither counsel raised section 1385, subdivision (c) during the resentencing hearing, defendant argues the trial court failed to consider that section.

The People respond that defendant forfeited this claim by failing to object to any errors regarding section 1385, subdivision (c). Defendant argues that error cannot be forfeited because the requirement to consider the mitigating factors was mandatory without an individualized finding of dangerousness resulting in an unauthorized sentence. We agree with the People.

### A. Applicable Law and Standard of Review

#### 1. Senate Bill

Through Senate Bill 81, and as of January 1, 2022, California law provides that a trial court "shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." (§ 1385,

subd. (c)(1).)  In exercising its discretion under section 1385, subdivision (c)(1), a trial court "shall consider and afford great weight to evidence offered by the defendant" to prove one of nine enumerated mitigating circumstances.  (*Id*., subd. (c)(2).)  As applicable to defendant's case, defendant admitted to multiple (three) prior serious felony conviction enhancements (§ 1385, subd. (c)(2)(B))[8] and the enhancements were based on prior convictions that were over five years old (§ 1385, subd. (c)(2)(H)).  "Proof of the presence of one or more of these [mitigating] circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety."  (§ 1385, subd. (c)(2).)  The term "endanger public safety" is statutorily defined as "a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others."  (§ 1385, subd. (c)(2).)

There is a split of authority as to whether section 1385, subdivision (c)(2) creates a rebuttable presumption or mandates that the trial court should dismiss the enhancements unless the court finds dismissal would endanger public safety.  (Compare *People v. Walker* (2022) 86 Cal.App.5th 386, 391, review granted Mar. 22, 2023, S278309 [concluding that section 1385's mandate to afford "great weight" to mitigating circumstances erects a rebuttable presumption that obligates a court to dismiss the enhancement unless the court finds that dismissal of that enhancement and the resulting shorter sentence would endanger public safety] with *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1098, review granted Apr. 12, 2023, S278894 ["[T]he ultimate question before the trial court remains whether it is in the furtherance of justice to dismiss an enhancement" and while certain enumerated mitigating circumstances are provided great weight, the trial court may determine that other countervailing factors "neutralize

---

[8]     Defendant argues that section 1385, subdivision (c)(2)(C) applies because the application of an enhancement could result in a sentence of over 20 years.  However, we agree with the People that because defendant's sentence without the enhancements was 28 years, the prior serious felony conviction enhancements in this case did not "cause" the sentence to exceed 20 years.  (§ 1385, subd. (c)(2)(C).)

even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice"], *People v. Ponder* (2023) 96 Cal.App.5th 1042, 1052, review granted Jan. 10, 2024, S282295 ["[W]e agree with *Ortiz* that the court retains discretion under section 1385[, subdivision ](c)(2) to choose not to dismiss the enhancement in the furtherance of justice for reasons other than public safety. [¶] … [¶] The ultimate question before the trial court was whether it was in the furtherance of justice to dismiss the enhancement"], and *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297, fn.6 [trial court is not required to strike enhancements if doing so would endanger public safety and noting that even if the court does not find that dismissal of the enhancement would endanger public safety, presence of mitigating circumstances weigh greatly in favor of dismissing the enhancement, but the court is not required to dismiss the enhancement if the court otherwise concludes that dismissal is not in the furtherance of justice].) We recently decided that section 1385, subdivision (c)(2) does not mandate dismissal of any enhancement when to do so would endanger public safety. (*People v. Cota* (2023) 97 Cal.App.5th 318, 335, 340.)

## 2. Standard of Review

"We review the trial court's exercise of discretion at sentencing for abuse." (*People v. Shenouda* (2015) 240 Cal.App.4th 358, 368; see *People v. Carmony* (2004) 33 Cal.4th 367, 375.) "In reviewing for abuse of discretion, we are guided by two fundamental precepts. First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citations.] Second, a ' "decision will not be reversed merely because reasonable people might disagree. 'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial

10.

judge.' " ' [Citations.] Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at pp. 376–377, third & fourth bracketed insertions added.)

### 3. *General Appellate Presumptions*

"Absent evidence to the contrary, [appellate courts] presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; see *People v. Stowell* (2003) 31 Cal.4th 1107, 1114 (*Stowell*); *People v. Martinez* (2017) 10 Cal.App.5th 686, 728.) Moreover, appellate courts "presume that a judgment or order of the trial court is correct," and " ' "[a]ll intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown." ' " (*People v. Giordano* (2007) 42 Cal.4th 644, 666; see *Martinez*, at p. 728.) "Thus, where a statement of reasons is not required and the record is silent, a reviewing court will presume the trial court had a proper basis for a particular finding or order." (*Stowell*, at p. 1114; see *In re Julian R.* (2009) 47 Cal.4th 487, 499.)

## B. Analysis

### 1. *Forfeiture*

" 'A party in a criminal case may not, on appeal, raise "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" if the party did not object to the sentence at trial. [Citation.] The rule applies to "cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons .…" ' " (*People v. Scott* (2015) 61 Cal.4th 363, 406.)

Because the changes effected by Senate Bill 81 were in effect prior to the plea and sentencing, we emphasize the "[s]trong policy reasons support[ing] this rule: 'It is both

unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.  [Citations.]' [Citation.]  ' " ' "The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them.  If any other rule were to obtain, the party would in most cases be careful to be silent as to his objections until it would be too late to obviate them, and the result would be that few judgments would stand the test of an appeal." ' " ' " (*Stowell*, *supra*, 31 Cal.4th at p. 1114, third bracketed insertion in original; accord, *People v. Salazar* (2016) 63 Cal.4th 214, 239–240; *People v. French* (2008) 43 Cal.4th 36, 46.)

### 2.      *Unauthorized Sentence Exception to Forfeiture*

Defendant argues that the trial court was required to follow the analysis set forth in section 1385, subdivision (c) regardless of whether defense counsel raised the issue with the court.  Arguing that section 1385, subdivision (c)(3)(B) creates a rebuttable presumption for dismissal unless the court finds that it would endanger public safety, defendant concludes that because the court did not explicitly find that dismissal of some of the enhancements would endanger public safety, the sentence was not authorized, and his argument is not forfeited.  However, our Supreme Court has rejected the argument that mandatory statutory sentencing rules cannot be forfeited.  (*People v. Scott* (1994) 9 Cal.4th 331 (*Scott*).)

As noted in *Scott*, the trial court has broad discretion to tailor a sentence to the particular case and these sentencing choices are governed by rules to guide the trial court. (*Scott*, *supra*, 9 Cal.4th at p. 349, citing §§ 1170, subd. (a)(2), 1170.3; Cal. Rules of Court, rules 401, 403.)  These statutes and sentencing rules [of court] generally require the court to state " 'reasons' " for its discretionary choices on the record at the time of sentencing.  (*Scott*, at p. 349.)  "The requirement encourages the careful exercise of discretion and decreases the risk of error.  In the event ambiguities, errors, or omissions

12.

appear in the court's reasoning, the parties can seek an immediate clarification or change." (*Id.* at p. 351.) In *Scott*, the Supreme Court adopted the minority view that a defendant cannot complain for the first time on appeal about the court's failure to state reasons for a sentencing choice. (*Id.* at p. 353.) A defendant can forfeit claims that the trial court failed to *properly make* or *articulate its discretionary sentencing* choices such as that the stated reasons do not apply to the particular case, or that the trial court "erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*Ibid.*)

In so doing, the Supreme Court rejected the defendant's argument that his sentencing claim involved " 'unauthorized,' " " 'void,' " or " 'excessive' " sentences, and that can be raised at any time. (*Scott*, *supra*, 9 Cal.4th at p. 354.) The trial court rejected the defendant's argument that the trial court's misapplication of the "explicit sentencing rules [of court]" resulted in an " 'unauthorized sentence' " and explained, "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*) Such an error can be corrected "independent of any factual issues presented by the record at sentencing." (*Ibid.*)

Defendant's claim here is that the trial court failed to properly consider or cite to the factors in section 1385, subdivision (c), failed to accord weight to certain mitigating factors, and failed to make an explicit finding that striking or dismissing the enhancement would endanger public safety. Such claims do not result in an "unauthorized" sentence pursuant to *Scott*. Defendant's claim that the trial court failed to follow the requirements of section 1385, subdivision (c), is an argument that the trial court imposed punishment on his sentencing enhancements "in a procedurally or factually flawed manner." (*Scott*, *supra*, 9 Cal.4th at p. 354; see *People v. Welch* (1993) 5 Cal.4th 228, 236 [rejecting defendant's claim that the reasonableness of probation conditions could not be forfeited because it was statutorily mandated].) Defendant does not dispute that, if dismissal of the enhancements would endanger public safety or was not otherwise in the interest of

13.

justice, the trial court was authorized to deny defendant's motion to dismiss and could impose the sentencing enhancements. (*Scott*, at p. 355 [defendant's argument that the trial court abused its discretion in aggravating his sentence and imposing consecutive terms is an argument that the factors cited in support of the trial court's choices were inapplicable, duplicative, and improperly weighed].)

Defendant's claim that his sentence was "unauthorized" and, therefore, not subject to forfeiture, because the trial court failed to properly exercise its discretion in accordance with section 1385, subdivision (c) is also similar to the scenario addressed and rejected in *People v. Scott*, *supra*, 61 Cal.4th at page 406. Our Supreme Court held that even though the trial court was required to identify the criteria for imposing consecutive sentencing pursuant to section 667.6, subdivision (c) on the record in accordance with *People v. Belmontes* (1983) 34 Cal.3d 335, 348, the defendant forfeited his claim that the trial court failed to do so by failing to object. (*Scott*, at p. 406.)

This is not a situation in which the appellate claim raises a pure question of law and the sentence at issue could not have been imposed under any circumstance. (*Scott*, *supra*, 9 Cal.4th at p. 355; see *People v. Achane* (2023) 92 Cal.App.5th 1037, 1044.) Rather, defendant is challenging the trial court's exercise of its sentencing discretion based on the court's failure to dismiss enhancements in compliance with statutory requirements. (§ 1385, subd. (c)(2).) In *Achane*, the appellate court recently rejected the same unauthorized sentence claim in the context of section 1170 where the trial court failed to satisfy requirements for an upper term sentence. In such case, the remedy is remand for resentencing, at which time the trial court may again reimpose the upper term so long as the sentencing selection comports with the statute. (*Achane*, at p. 1044.)

In the instant case, defendant argues that the trial court could not have refused to dismiss his enhancements without providing great weight to mitigating factors or an explicit finding that doing so would endanger public safety. Implicit in such argument is the acknowledgement that the trial court could make the same decision on remand as long

14.

as its finding of danger is articulated on the record.  The error complained of here did not result in an unauthorized sentence as contemplated by the recognized exception to the forfeiture in the California Rules of Court.  Having failed to object in the trial court, defendant forfeited this claim.

### 3. The Trial Court Did Not Abuse Its Discretion in Refusing to Strike or Dismiss Two of Three Prior Serious Felony Conviction Enhancements

Even had we not concluded that defendant forfeited his claim that the trial court failed to properly exercise its discretion pursuant to section 1385, subdivision (c), we conclude that the trial court did not abuse its discretion.[9]  We review a trial court's decision not to strike prior serious felony enhancements for abuse of discretion.  (*People v. Shaw* (2020) 56 Cal.App.5th 582, 586; *People v. Pearson* (2019) 38 Cal.App.5th 112, 116.)  "An abuse of discretion occurs when the trial court … is unaware of its discretion," (see *In re White* (2020) 9 Cal.5th 455, 470) and defendant argues that because section 1385, subdivision (c) was not specifically addressed by the trial court, the trial court did not understand that it had the discretion to strike or dismiss the enhancements, nor understand the manner in which section 1385 delineated the scope of its discretion.  We agree with the People that because the record fails to show that the trial court did not follow section 1385, subdivision (c), we presume that the trial court followed the law and made any necessary findings.

We will not presume that the trial court was unaware of the requirements of section 1385, subdivision (c), simply because no party raised the law and the court never

---

[9]   Defendant attempts to avoid forfeiture by claiming that his counsel was ineffective in failing to direct the court's attention to the specific requirements of section 1385, subdivision (c).  However, because we presume the court already knew the laws applicable to his sentencing, defendant cannot show prejudice from counsel's failure.  Further, as discussed *ante*, the court's implicit conclusion that dismissal of additional enhancements was not in the furtherance of justice was reasonable in light of defendant's current crimes, extensive criminal history, and the numerous aggravating factors.

cited to it or made express findings under it. Defendant was sentenced on December 22, 2022, more than 11 months after Senate Bill 81 amendments to section 1385, subdivision (c) went into effect on January 1, 2022. Section 1385, subdivision (c), contains no express requirement that a trial court articulate any findings or rulings, be it the striking or dismissing of, or the refusal to strike or dismiss, an enhancement. (§ 1385, subd. (c); cf. *id.*, subd. (a) and *In re Large* (2007) 41 Cal.4th 538, 550 [noting the express findings requirement of § 1385, subd. (a) only if a strike is dismissed].) Therefore, in the face of a silent record like this one, and in the absence of an affirmative duty to make express findings, we presume that the court knew about section 1385, subdivision (c), had an adequate basis for any section 1385, subdivision (c) findings, and that the findings were correct. (*People v. Ramirez*, *supra*, 10 Cal.5th at p. 1042; *In re Julian R.*, *supra*, 47 Cal.4th at pp. 498–499; *People v. Giordano*, *supra*, 42 Cal.4th at p. 666; *Stowell*, *supra*, 31 Cal.4th at p. 1114; *Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; *People v. Martinez*, *supra*, 10 Cal.App.5th at p. 728.)

None of defendant's arguments to the contrary are sufficient to rebut these established appellate presumptions. It is true that "when a judge's remarks preceding a ruling reflect a misapprehension of the law upon which that ruling is based, the appellate court must consider the judge's remarks in its review." (*People v. Carter* (2014) 227 Cal.App.4th 322, 324.) Here, the trial court commenced the hearing by stating that it would be exercising discretion "only on the [section] 667[, subdivision ](a)(1)s, which is five years each of the terms whether or not the [c]ourt can choose to stay those. That's my understanding of my discretion at this point. So if I'm wrong on that, just let me know, but that's my understanding of what I have to do in considering the issues of resentencing." The prosecutor responded and reminded the trial court that it could reconsider all aspects of the sentence. Defendant argues that this statement demonstrates that the court was unaware of the scope of its discretion to dismiss or strike the prior serious felony conviction enhancements. We do not agree.

16.

Even if the trial court's statement reflected its mistaken belief that a full resentencing was not required, the prosecutor's argument noted the court's obligation to revisit defendant's entire sentence, the probation report set forth all the components of a complete sentence, and the trial court articulated every aspect of defendant's sentence when it pronounced the sentence. The trial court described the hearing's purpose as permitting it to determine whether to dismiss or strike defendant's prior serious felony conviction enhancements and explicitly recognized that it would be exercising discretion to determine whether to dismiss or strike the enhancements. While the court's statement may have misapprehended that defendant would be resentenced entirely, it also exhibited that the trial court was well aware of its discretion to dismiss or strike the sentencing enhancements and was prepared to exercise that discretion. Therefore, while the trial court did not refer to any of the factors listed in section 1385, subdivision (c), the trial court's comment does not suggest that it was unaware of its discretion to dismiss or strike the enhancements but, to the contrary, demonstrates that the trial court was focused on the change in the law that now permitted it to dismiss or strike the enhancements. (Compare *People v. Ramirez, supra*, 10 Cal.5th at pp. 1042–1043 [plausible interpretations of court's statement that would defeat *Ramirez*'s contention that the court openly declared it was not going to consider ability to pay established "[a]t the very least, defense counsel has not made a record sufficient for us to conclude that the trial judge, … failed to heed the code's plain requirement to consider ability to pay" and overcome the presumption that trial judges understand and follow established law].)

Furthermore, we find no other indication in the record to rebut the presumption that the trial court properly considered all of the relevant factors and evidence in deciding whether to strike or dismiss defendant's enhancement for his prior serious felony. (See *People v. Rodriguez* (1998) 17 Cal.4th 253, 256–257 [if record affirmatively discloses that the trial court misunderstood the scope of its discretion, remand to trial court necessary for court to impose sentence with full awareness of discretion] superseded by

17.

statute on other grounds as stated in *People v. Luna* (2003) 113 Cal.App.4th 395, 397–399.) (*People v. Davis* (1996) 50 Cal.App.4th 168, 172 [defendant bears the burden to show affirmatively that the trial court did not understand its sentencing discretion].)

The record reflects that the trial court reviewed the probation report that described defendant's criminal history between 1991 and the last time he was returned to prison in 2005, and included several juvenile adjudications and adult felony convictions for grand theft and burglary, multiple prison sentences, and numerous probation and parole violations until defendant was arrested for the instant offenses in November 2008. Aggravating factors noted in the probation report included the nature of defendant's crimes (defendant had entered places of business and told the employees he was armed with a firearm to threaten them into providing him money), defendant's conduct indicated defendant was a serious danger to society, defendant had numerous prior convictions and prison sentences, and defendant committed crimes on parole. The report noted defendant's accomplishments and infractions while in prison, concluding that defendant's conduct in prison did not outweigh that defendant committed multiple serious and violent offenses while on parole.

The transcript of the resentencing hearing also reflects that the trial court provided an opportunity for defense counsel to raise any relevant sentencing-related arguments. Defendant's attorney argued that defendant's prison conduct indicated that he was rehabilitating himself, but the prosecutor countered that defendant would continue to prey on society if released from prison and that a sentence reduction would not be in the interest of public safety. The court responded, "I understand both counsel's points."

The trial court's own comments indicated that some adjustment in defendant's sentence appeared warranted in deference to the Secretary's recommendation even though defendant's prison performance was not perfect and because the court relied upon defendant's prior serious felony convictions in determining the punishment for the base term. The probation report described the benefit that defendant had received when the

18.

court followed the parties' agreement to strike two of defendant's convictions for purposes of Three Strike sentencing and the court commented that defendant had previously been sentenced to a term agreed to by the parties. The trial court then exercised its discretion to dismiss or strike just one of the three prior serious felony conviction enhancements "[b]ased on all the factors and arguments of counsel."

In resentencing, a trial court must consider defendant's postjudgment conduct while he was in prison and also the same factors it must consider when handing down a sentence in the first instance. (See *People v. Yanaga* (2020) 58 Cal.App.5th 619, 625−627; *People v. Pearson*, *supra*, 38 Cal.App.5th at p. 117; see also *Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) When determining whether to dismiss an enhancement, "a court considers the same factors considered ' "when handing down a sentence in the first instance." ' [Citations.] These factors include those listed in California Rules of Court, rule 4.410 (general objectives in sentencing), rules 4.421 and 4.423 (circumstances in aggravation and mitigation), and rule 4.428(b) (discretion in striking an enhancement and punishment for an enhancement under § 1385). These rules refer to circumstances specific to the crime and the defendant's criminal history, as well as to broader societal objectives, such as '[d]eterring others from criminal conduct by demonstrating its consequences' and '[i]ncreasing public safety by reducing recidivism through community-based corrections programs and evidence-based practices.' [Citation.] The rules state the trial court 'should be guided by statutory statements of policy, the criteria in [the Rules of Court], and any other facts and circumstances relevant to the case.' " (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 497.)

While the trial court's only comments here were directed to the Secretary's recommendation, defendant's prison performance, and the length of the original sentence, nothing in the record indicates the court failed to consider any other mitigating factors. (See Cal. Rules of Court, rule 4.409 ["[r]elevant factors enumerated in these rules must be considered by the sentencing judge, and will be deemed to have been considered

unless the record affirmatively reflects otherwise"]; *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["[t]he court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) Because the court is presumed to have considered all relevant factors, "the fact that the court focused its explanatory comments on [specific factors] does not mean that it considered only [those] factor[s]," but indicates that the court did not find the mitigating factors sufficient to overcome defendant's danger to public safety. (*Meyers*, at p. 310; *People v. Avalos* (1996) 47 Cal.App.4th 1569, 1582 [a trial court need not explain its reasons for rejecting alleged mitigating factors].)

Defendant also argues that the trial court abused its discretion because it erroneously believed that the exercise of its discretion was limited by the parties' plea agreement, citing *People v. Cepeda* (2021) 70 Cal.App.5th 456. In *Cepeda*, the trial court recalled the sentence but, in resentencing the defendant, declined to strike the defendant's enhancement because it believed that it was bound by the terms of the plea agreement and also by the trial court's refusal to consider the defendant's behavior in prison. (*Cepeda*, at pp. 469–470.) However, the trial court in the instant case did not state that it was bound by the parties' plea agreement or that it was bound by its prior acceptance of that agreement. If it had so believed, then the court would not have reduced defendant's sentence by staying one of the prior serious felony conviction enhancements. Rather, the trial court here referred to the plea agreement in assessing the necessary length of defendant's sentence with regard to his criminal history and performance in prison, and whether dismissal or striking any enhancement was in the interest of justice. (Cf. Cal. Rules of Court, rule 4.412 [the parties' agreement is an adequate reason for a sentence or disposition].)

In sum, we reject defendant's contention that the trial court abused its discretion by failing to conduct a proper analysis of the factors and evidence relevant to whether it should strike more than one of defendant's prior serious felony enhancements.

20.

**II.** **The trial court erred in failing to calculate defendant's custody credits when resentencing him.**

At sentencing, the trial court did not calculate defendant's custody credit because it found that the Department of Corrections and Rehabilitation would make that determination. This was error and defendant argues the matter must be remanded for the trial court to amend the abstract of judgment to reflect his custody credits at the time of resentencing. The People agree.

The abstract of judgment reflects no custody credits. While the Department of Corrections and Rehabilitation determines postsentence worktime and good behavior credits, the trial court should have calculated the actual number of days defendant spent in custody following the original sentencing and credited that time against his sentence. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, 30−31, 41 [having modified defendant's sentence, "the trial court must calculate the *actual time* the defendant has already served [in prison] and credit that time against the 'subsequent sentence.' (§ 2900.1.)"].)

Accordingly, we remand the matter for the court to recalculate the correct amount of custody credit, including the actual custody credit for the period between defendant's original and resentencing hearings, and for the court to issue an updated abstract of judgment reflecting this change.

**III.** **The trial court erroneously stayed the section 667, subdivision (a) enhancement.**

We note that the trial court stayed one section 667, subdivision (a) enhancement at resentencing. We asked the parties for supplemental briefing as to whether the trial court erred in staying the enhancement and whether we could correct that error. The parties both agree that the trial court did not have authority to stay the punishment for the enhancement. We shall order the punishment for the section 667, subdivision (a) enhancement stricken rather than stayed.

Section 1385, subdivision (a) states, in part that, "[t]he judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in

furtherance of justice, order an action to be dismissed." Section 1385, subdivision (b)(1) provides that if a court "has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice .…" And "Senate Bill 1393 removed provisions that prohibited a trial court from striking a serious felony enhancement in furtherance of justice under section 1385." (*People v. Stamps* (2020) 9 Cal.5th 685, 700.)

The plain language of section 1385 only permits the trial court to strike or dismiss, rather than stay, the enhancement or its punishment pursuant to section 667, subdivision (a)(1). (See *People v. Lopez* (2004) 119 Cal.App.4th 355, 364 ["Ordinarily, an enhancement must be either imposed or stricken 'in furtherance of justice' under … section 1385. [Citations.] The trial court has no authority to stay an enhancement, rather than strike it—not, at least, when the only basis for doing either is its own discretionary sense of justice"]; *People v. Haykel* (2002) 96 Cal.App.4th 146, 151 [" 'Unless a statute says otherwise, an enhancement may be *imposed* or *stricken*, but … may not be *stayed*; to do so is an illegal sentence' "].)

Section 1260 provides, that we may modify the judgment and remand the cause to the trial court "for such further proceedings as may be just under the circumstances." The record is clear that the trial court intended to strike the punishment for one enhancement pursuant to section 667, subdivision (a) because the trial court indicated that the sentence on count 1 would be reduced to 20 years, "so to get to the point, I'm eliminating five years." As the record is clear that the court did not intend to punish defendant for one section 667, subdivision (a) enhancement, we cannot conclude a resentencing hearing is required and, therefore, it is "just under the circumstances" to direct the trial court to prepare an amended minute order and that the abstract of judgment be amended to reflect that punishment for the section 667, subdivision (a)(1) five-year enhancement was stricken rather than stayed.

Therefore, the trial court erred in staying the punishment as to one section 667, subdivision (a) enhancement and the minutes and abstract of judgment must be amended to show that instead of stayed, the punishment for the enhancement was stricken.

## DISPOSITION

The matter is remanded to the trial court to calculate defendant's custody credits, including defendant's actual time spent in custody after the initial sentencing to the date of resentencing, and to include the recalculated custody credits in an amended abstract of judgment. The court is further directed to correct page one of the amended abstract of judgment to reflect the resentencing hearing date of December 20, 2022, and that the punishment for one enhancement pursuant to section 667, subsection (a) was stricken and not stayed. The trial court is directed to forward a certified copy of the amended abstract of judgment to the appropriate entities.

The trial court is further directed to prepare an amended minute order reflecting that one section 667, subdivision (a) enhancement was stricken rather than stayed.

The judgment is otherwise affirmed.